# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3130 | **DATE** | 9/11/2002 |
| **CASE TITLE** | Amari vs. Radio Spirits, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion to dismiss this action. Any pending motion in this case is terminated as moot. All schedules set in this case are also vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 12 2002 date docketed | 27 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 9/11/2002 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARL AMARI,                              )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )
                                         )   No. 02 C 3130
RADIO SPIRITS, INC., f/k/a/ CLASSIC      )
RADIO HOLDING CORP.,                     )
                                         )
            Defendant.                   )

### MEMORANDUM OPINION AND ORDER

I.

Carl Amari was the president of Radio Spirits, Inc., which markets, sells and distributes old-time radio shows and audiobooks and classic videos and DVDs. After Mr. Amari resigned as president of Radio Spirits, he entered into an independent consulting contract with Radio Spirits, which included non-solicitation and non-compete clauses. Mr. Amari developed, through his own production company, a new radio drama based on old scripts from the 1960s television shoe "The Twilight Zone." Mr. Amari claims that the "Twilight Zone" project is outside the scope of the non-solicitation and non-compete clauses of his agreement with Radio Spirits. When Mr. Amari approached Radio Spirits in March 2002 about entering into a marketing and distribution agreement for the "Twilight Zone" project, however, Radio Spirits accused him of violating the consulting agreement, breaching his fiduciary duty to Radio Spirits, usurping corporate opportunities, and interfering



with Radio Spirits' expectant business relationships.

On May 1, 2002, Mr. Amari filed this action in the Northern District of Illinois for a declaratory judgment that his "Twilight Zone" project did not violate the consulting agreement. On May 21, 2002, Radio Spirits and its parent corporation filed suit in Florida state court against Mr. Amari and his production company alleging a breach of the consulting agreement, fraud, breach of fiduciary duty, misappropriation of corporate opportunity, violation of the Uniform Trade Secrets Act, tortious interference with business opportunities, violation of the Lanham Act, and unjust enrichment and conversion. On May 30, 2002, Mr. Amari amended the complaint in the declaratory judgment case to add a claim that Radio Spirits had breached the consulting agreement, claiming $44,166.65. in damages.

Meanwhile, the Florida state action was removed to federal court and transferred to this district, and that case has been reassigned to me based on relatedness to the declaratory judgment action. *See* Minute Order of 8/14/02. Both the declaratory judgment action and the substantive action are pending before me now, and Radio Spirits asks me to dismiss the declaratory judgment action for failure to state a claim (count I) and for lack of subject matter jurisdiction (count II). I grant the motion.

II.

The Declaratory Judgment Act states that I "*may declare the*

rights and other legal relations of any interested party" in a case or controversy within my jurisdiction. 28 U.S.C. § 2201(a) (emphasis added). "[F]ederal courts have discretion to decline to hear a declaratory judgment action, even though it is within their jurisdiction." *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987). Radio Spirits asks me to exercise my discretion here and decline to hear Mr. Amari's declaratory judgment claim because it serves no purpose in light of the substantive action.

When a related substantive state action is pending at the same time as a declaratory judgment action, concerns about forum shopping, *see Tempco*, 819 F.2d at 749, the efficient allocation of judicial resources, comity with state courts, fairness to the parties, *see Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995), and the purpose of declaratory judgments, *see Tempco*, 819 F.2d at 749, come into play. Because the substantive action here has been removed to federal court and transferred to this district, comity and forum shopping are no longer relevant, so I consider only whether the declaratory judgment action here would serve any useful purpose and whether fairness and judicial economy are served by entertaining it.

"The purposes of declaratory judgments are to 'clarify[] and settl[e] the legal relations at issue' and to 'terminate and afford relief from uncertainty, insecurity, and controversy giving rise to

3

the proceeding.'" *Tempco*, 819 F.2d at 749. Where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action "serve[s] no useful purpose" because the controversy has "ripened" and the uncertainty and anticipation of litigation are alleviated. *Id.; see also Associated Mills, Inc. v. Regina Co., Inc.*, 675 F. Supp. 446, 448 (N.D. Ill. 1987) (holding that filing of infringement action twelve days after complaint for declaratory judgment "obviated the need for a declaratory judgment in this case"); *Wireless Marketing Corp. v. Cherokee, Inc.*, No. 98 C 1406, 1998 WL 719944, at *4 (N.D. Ill. Oct. 6, 1998) (same).

Here Mr. Amari seeks a declaration that his pursuit of the "Twilight Zone" project does not breach the consulting agreement, and is not a breach of fiduciary duty, a usurpation of corporate opportunity, or an interference with Radio Spirits' expectant business relationships. Am. Compl. ¶ 29. Radio Spirits' complaint accuses Mr. Amari of, among other things, breaching the consulting agreement, Def. Ex. B, Count VIII, breaching his fiduciary duty, Count XI, usurping corporate opportunities, Count II, and interfering with advantageous business relationships, Count IX, all based on his pursuit of the "Twilight Zone" project. *See id.* ¶¶ 52-62 (concerning "the usurped Twilight Zone opportunity"). All of the issues in the declaratory judgment claim will be resolved by the substantive action, so the declaratory judgment serves no useful

4

purpose. *See Resource Asset Mgmt., Inc. v. Continental Stock Transfer & Trust Co.*, 896 F. Supp. 782, 785 (N.D. Ill. 1995) (dismissing declaratory judgment action where larger, more comprehensive substantive action was pending in same district); *Biosite, Inc. v. Xoma Ltd.*, 168 F. Supp. 2d 1161, 1165 (N.D. Cal. 2001) (dismissing declaratory judgment action where similar substantive action, involving more claims, was pending in same district before same judge).

Fairness to the parties and judicial economy do not weigh heavily against dismissal of the declaratory judgment action here. The only apparent inconvenience or hardship that would result from the dismissal of the declaratory judgment claim is that Mr. Amari will be the defendant rather than the plaintiff, but this is a minor inconvenience. *See Oce-Office Sys., Inc. v. Eastman Kodak Co.*, 828 F. Supp. 37, 39 (N.D. Ill. 1993); *Biosite, Inc.*, 168 F. Supp. 2d at 1165. Because both actions are pending before me, judicial economy is not threatened by the pendency of both actions, but the litigation will be streamlined by the elimination of the unnecessary declaratory judgment claim. I therefore decline to exercise my jurisdiction over this claim and grant the motion to dismiss it.

III.

Radio Spirits also moves to dismiss Mr. Amari's claim for breach of the consulting agreement for lack of subject matter

jurisdiction. The only basis for jurisdiction alleged in the complaint is 28 U.S.C. § 1332. Here the parties are of diverse citizenship, but the amount in controversy is only $44,166.65 plus interest. Interest cannot be used to satisfy the amount-in-controversy requirement, see § 1332(a), so this claim comes in well under the jurisdictional limit. Mr. Amari argues that I have supplemental jurisdiction over the claim under 28 U.S.C. § 1367, but because I decline to exercise my jurisdiction over the declaratory judgment claim, I dismiss the pendent state claim as well. See 28 U.S.C. § 1367(c)(3); *Miller Aviation v. Milwaukee County Bd. of Supervisors*, 273 F.3d 722, 731 (7th Cir. 2001) ("[A] district court's decision to 'relinquish pendent jurisdiction before the federal claims have been tried is ... the norm, not the exception.'"). Mr. Amari may bring this claim as a counterclaim in the substantive action. See *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 386 (7th Cir. 1996) (holding that counterclaim is within jurisdictional limits of § 1367(a)).

Radio Spirits' motion to dismiss is GRANTED.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: September 11, 2002

6